IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **ALEX ARTURO ZAMORA,** *Plaintiff,* | § § § § § § § § | No. 3:21-CV-00185-KC |
| v. | | |
| **HGS,** *Defendant.* | | |

### REPORT AND RECOMMENDATION
### OF THE MAGISTRATE JUDGE

On this day the Court considered the status of the above-styled and numbered cause. On August 10, 2021, Plaintiff Alex Arturo Zamora, proceeding *pro se*, filed his application to proceed *in forma pauperis*. (ECF No. 1.) On August 31, 2021, the Honorable United States District Judge Kathleen Cardone referred this cause for resolution of all pretrial matters pursuant to Federal Rule of Civil Procedure 72, 28 U.S.C. § 636(b)(1), and Local Court Rules Appendix C. (*See* text entry dated August 31, 2021.) On August 31, 2021, this Court granted Plaintiff's application to proceed *in forma pauperis*, and his Complaint was thereafter filed. (ECF Nos. 2, 3.) In the Order, the Court wrote that "[p]rior to ordering service of process on Defendant, the Court [would] engage in judicial screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)." (ECF No. 2.) The Court has now screened Plaintiff's Complaint and submits this Report and Recommendation. After due consideration, the Court **RECOMMENDS** that Plaintiff's Complaint should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

**I.   BACKGROUND**

On August 10, 2021, Plaintiff filed his Complaint alleging "retaliation, discrimination and false statements made by the defendant HGS." (ECF No. 3:3.) The primary basis for Plaintiff's

1

Complaint appears to be Defendant's decision to terminate Plaintiff's employment as a customer service representative in 2019 (*see id.* at 5, 13–14) and refusal to hire Plaintiff for a work-from-home position in 2020 (*see id.* at 12).

In his Complaint, Plaintiff alleges that Defendant's actions constitute employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e–2000e-17), the Americans with Disabilities Act (42 U.S.C. §§ 12101–12213), and the Age Discrimination in Employment Act (29 U.S.C. §§ 621–634). (*Id.* at 3–5.)

## II.   LEGAL STANDARD

Title 28 U.S.C. § 1915 directs a court to dismiss an *in forma pauperis* complaint at any time if it determines that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the court may *sua sponte* dismiss on these grounds even without serving the defendants. *See Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) ("Dismissal [under § 1915] is 'often made *sua sponte* prior to the issuance of process, so as to spare the prospective defendants the inconvenience and expense of answering such complaints.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).[1]

To determine whether an *in forma pauperis* complaint fails to state a claim upon which relief may be granted, courts engage in the same analysis as when ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Hale v. King*, 642 F.3d 492, 497–99 (5th Cir. 2011) (per curiam).

Rule 12(b)(6) provides for dismissal of a complaint when a defendant shows that the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6).

---

[1] *See also Jones v. Smith*, 234 F. App'x 249, 250 (5th Cir. 2007) (per curiam) (citing *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam)) (stating that service on defendants is not required before dismissing an action for failure to state a claim).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* at 678 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Twombly*, 550 U.S. at 555)).

To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003) (citation omitted). A complaint states a "plausible claim for relief" when the factual allegations contained therein allow the court to infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Courts "generally confine [this] analysis to the complaint and its proper attachments." *Hale*, 642 F.3d at 498 (citing *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006)). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

*Pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per

3

curiam). However, even a *pro se* complaint may not merely set forth conclusory allegations. The *pro se* litigant must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

### III.   ANALYSIS

**a.   Plaintiff fails to state a claim under Title VII of the Civil Rights Act of 1964.**

Plaintiff first alleges "retaliation, discrimination and false statements made by the defendant HGS" under Title VII of the Civil Rights Act. (ECF No. 3:3.) Title VII prohibits discrimination by an employer based on an individual's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). To establish a prima facie discrimination claim, a plaintiff must show that he: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). To establish a retaliation claim, a plaintiff must show that: "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *Id.* at 557. Alleged false or misleading statements are not considered legally actionable adverse employment actions for a discrimination or retaliation claim. *Paugh v. Lockheed Martin Corp.*, 474 F. Supp. 3d 861, 865–66, 868 (W.D. Tex. 2020) (citing *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 945 (5th Cir. 2015)).

Here, Plaintiff fails to make a prima facie Title VII discrimination claim. In his Complaint, Plaintiff states that: (1) he is a minority; (2) he is "very qualified and very responsible" for the job; (3) Defendant fired him and "marked him as ineligible for rehire"; and (4) he "was informed [that]

someone who was more qualified than him got the job." (ECF No. 3:5–6.) Plaintiff attached to his Complaint a January 22, 2021 letter from Defendant to the EEOC in which Defendant "denie[d] discriminating against [Plaintiff] because of his national origin, Hispanic." (*Id.* at 17.) In this letter, Defendant further explained that Plaintiff knew the job offer "was contingent on . . . a clear background check" which was still pending after Plaintiff began work, and after Plaintiff's background check rendered him ineligible for the position, Plaintiff did not dispute the results of the background check. (*Id.* at 17–18); *see also* (*id.* at 13, 16.) Thus, the Court finds that Plaintiff's Complaint fails to satisfy element two because it does not refute his disqualification by background check, nor does it sufficiently allege that he is otherwise qualified to perform the job.[2] The Court also finds that Plaintiff's Complaint fails to satisfy element four because it does not show that he "was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy*, 492 F.3d at 556. Accordingly, the Court finds that Plaintiff fails to state a Title VII discrimination claim on which relief may be granted.

Plaintiff also fails to make a Title VII retaliation claim. Plaintiff does not show that he engaged in a protected activity or that Defendant fired him and refused to re-hire him for that reason. *See id.* at 559 ("The anti-retaliation provision [of Title VII] seeks to prevent harm to individuals based on what they do, i.e., their conduct." (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 63 (2006))). As such, the Court finds that Plaintiff has failed to state a plausible Title VII retaliation claim. Therefore, the Court finds that Plaintiff has failed to state a

---

[2] Plaintiff's Complaint simply states that he is qualified to perform the job, without explaining his qualifications. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" (quoting *S. Christian Leadership Conf. v. Supreme Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001))).

claim for relief under Title VII. Accordingly, the Court recommends that Plaintiff's Title VII claims be dismissed.

### b. Plaintiff fails to state a claim under the Americans with Disabilities Act.

Next, Plaintiff appears to allege that Defendant failed to provide him with reasonable accommodation under the Americans with Disabilities Act ("ADA"). (*See* ECF No. 3:3, 5.) The ADA defines a disability as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). The ADA defines a reasonable accommodation as including "job restructuring, part-time or modified work schedules, reassignment to a vacant position, . . . and other similar accommodations for individuals with disabilities." *Id.* § 12111(9). A prima facie discrimination claim under the ADA requires a plaintiff to show that "(a) she has a disability; (b) she is a qualified individual for the job in question; and (c) an adverse employment decision was made because of her disability." *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir. 1999) (citing 42 U.S.C. § 12112(a)).

Here, Plaintiff has failed to establish a prima facie ADA claim. An attachment to Plaintiff's Complaint indicates he is bipolar. (ECF No. 3:10.) The Complaint does not indicate any other physical or mental impairments and does not describe any accommodation that Plaintiff allegedly sought from Defendant. Further, as discussed above, the Court finds that Plaintiff does not sufficiently describe his qualifications for the job. Finally, Plaintiff does not allege that he notified Defendant of any disability he might possess, and correspondingly his Complaint contains no allegation that Defendant discriminated against him because of any such condition. Therefore, the Court finds that Plaintiff has failed to allege a prima facie case of discrimination under the ADA. Accordingly, the Court recommends that Plaintiff's ADA claims be dismissed.

### c. Plaintiff fails to state a claim under the Age Discrimination in Employment Act.

Next, Plaintiff alleges in his Complaint that "[b]ecause of [his] age[,] he was denied a work from home position." (ECF No. 3:5.) The Age Discrimination in Employment Act ("ADEA") "prohibit[s] arbitrary age discrimination in employment." 29 U.S.C. § 621(b). A prima facie case of age-based discrimination requires a plaintiff to establish the following: (1) membership within a protected class; (2) qualification for the job; (3) that plaintiff suffered an adverse employment decision; and (4) that plaintiff was "replaced by someone younger or treated less favorably than similarly situated younger employees (i.e., suffered from disparate treatment because of membership in the protected class)." *Smith v. City of Jackson*, *Miss.*, 351 F.3d 183, 196 (5th Cir. 2003). "[T]he protected class includes individuals who are at least forty years old." *Leal v. McHugh*, 731 F.3d 405, 411 (5th Cir. 2013) (citing 29 U.S.C. §§ 631(a), 633a(a)).

Here, Plaintiff indicates that he is 40 years old. (ECF No. 3:10.) Even though Plaintiff could be considered a member of the protected class and he has shown an adverse employment decision, as discussed above, Plaintiff has failed to plead any facts regarding his qualification for the job. Further, the Court finds that Plaintiff has not pled sufficient facts to show that his age was the reason for Defendant's decisions regarding his employment. Thus, the Court finds that Plaintiff has not made a plausible claim under the ADEA. Accordingly, the Court recommends that Plaintiff's ADEA claims be dismissed.

### d. Plaintiff fails to state a claim regarding the EEOC "*Green* factors."

Plaintiff alleges that Defendant "failed to apply the [Equal Employment Opportunity Commission ("EEOC")] green factors," failed to inform Plaintiff that convictions are an immediate cause for termination, and "lied to the [EEOC]." (*Id.* at 6.) The Court presumes that Plaintiff is referring to the Eighth Circuit's *Green v. Missouri Pacific Railroad* decision, in which that court

7

held that "a sweeping disqualification for employment resting solely on past behavior can violate Title VII where that employment practice has a disproportionate racial impact and rests upon a tenuous or insubstantial basis." *Green v. Mo. Pac. R.R.*, 523 F.2d 1290, 1296 (8th Cir. 1975); *see also* U.S. EQUAL EMP. OPPORTUNITY COMM'N, EEOC-CVG-2012-1, ENFORCEMENT GUIDANCE ON THE CONSIDERATION OF ARREST AND CONVICTION RECORDS IN EMPLOYMENT DECISIONS UNDER TITLE VII OF THE CIVIL RIGHTS ACT (2012) [hereinafter EEOC-CVG-2012-1]. The Eighth Circuit further held that a policy disqualifying candidates for employment based on prior convictions, with racially disparate results, must be justified as a "business necessity" to pass muster under Title VII. *Green*, 523 F.2d at 1293; *see also United States v. Ga. Power Co.*, 474 F.2d 906, 911 (5th Cir. 1973). The factors that courts apply to determine a business necessity are: (1) the nature and gravity of the crime; (2) the time elapsed since the conviction or completion of sentence; and (3) the nature of the job sought (the "*Green* factors"). EEOC-CVG-2012-1 (citing *Green v. Mo. Pac. R.R.*, 549 F.2d 1158, 1160 (8th Cir. 1977)). However, an employer does not need to justify its policy as a business necessity until a plaintiff raises a prima facie claim of substantial disparate impact. *Green*, 523 F.2d at 1293; *see also Hester v. S. Ry. Co.*, 497 F.2d 1374, 1381 (5th Cir. 1974). As explained above, Plaintiff has not raised a prima facie Title VII claim, and therefore the burden has not shifted to Defendant to prove that its background check policy is a business necessity.[3]

Additionally, the attachments to Plaintiff's Complaint indicate that Defendant did inform Plaintiff that his criminal history could render him ineligible for employment. (*See* ECF No. 3:16–

---

[3] The Court notes that in Defendant's letter to the EEOC, attached to the Complaint, Defendant stated, in relevant part: "On 5/2/15 Alex Zamora's criminal background results were received by HGS and showed that on [sic] Alex Zamora had a felony for aggravated assault with a deadly weapon, on 12/7/2015 the disposition was guilty. Due to the nature of the crime, that he did not disclose any concerns about his background check prior to starting with HGS and that the guilty charge was within the past 7 years, Alex Zamora was not eligible for employment with HGS." (ECF No. 3:17–18.)

18.) Finally, Plaintiff's Complaint does not show or explain how Defendant purportedly lied to the EEOC.

In sum, the Court finds that Plaintiff fails to state a claim, since Plaintiff has failed to allege a prima facia claim of substantial disparate impact. Accordingly, the Court recommends Plaintiff's claims regarding the EEOC "*Green* factors" be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** this 13th day of September, 2021.

_____
ROBERT F. CASTAÑEDA
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**